**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GIANNA O'NEILL,<br><br>Plaintiff,<br><br>v.<br><br>BOOTHWYN PHARMACY, LLC d/b/a BOOTHWYN PHARMACY,<br><br>Defendant. | C.A. No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## INTRODUCTION

Plaintiff, Gianna O'Neill ("Plaintiff"), by and through her attorney, Gerald B. Baldino, III, Esq., brings this action against the herein named Defendant Boothwyn Pharmacy, LLC d/b/a Boothwyn Pharmacy (hereinafter collectively referred to as "Defendant"), for unlawful discrimination and wrongful termination on the basis of her sex, pregnancy, and disability in violation of Title VII of the Civil Rights Act of 1964 and 1991, ("Title VII") as amended by the Pregnancy Discrimination Act ("PDA"), the Pennsylvania Human Relations Act ("PHRA"), and the Americans with Disabilities Act ("ADA"). Plaintiff seeks damages, including compensatory, liquidated, punitive, and attorneys' fees and costs, and all other relief that this Court deems appropriate, and respectfully represents as follows:

## PARTIES

1. Plaintiff, Gianna O'Neill, is an adult individual and resident of the Commonwealth of Pennsylvania.

2. Plaintiff is a female who was at all times material hereto an employee of Defendant within the meaning of the statutes that form the basis of this matter, and was pregnant and on approved maternity leave at all times relevant hereto.

3. Defendant Boothwyn Pharmacy, LLC d/b/a Boothwyn Pharmacy, is a Pennsylvania business entity with a registered business address at 221 Gale Lane, Kennett Square, PA 19348.

4. At all times material hereto, Defendants were employers within the meaning of the statutes which form the basis of this matter and employed more than fifteen (15) persons.

5. The Defendants engaged in an industry affecting interstate commerce and regularly conduct business in the Commonwealth of Pennsylvania.

6. At all times material hereto, Defendant acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

**JURISDICTION AND VENUE**

7. The causes of action which form the basis of this matter arise under PDA, the PHRA, and ADA.

8. The District Court has jurisdiction over Count I (TILE VII and PDA) and Count II (ADA) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

9. The District Court has supplemental jurisdiction over Plaintiff's state law claims in Count III (PHRA) pursuant to 28 U.S.C. §1367.

10. Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000e-5(f)(3).

11. All conditions precedent to the institution of this suit have been fulfilled. Plaintiff timely filed a charge of discrimination, retaliation, unlawful termination and of a hostile work environment with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Pennsylvania Human Relations Commission ("PHRC"), received a Notice of Right

to Sue ("NRTS") from the EEOC and corresponding notice from the PHRA, and has properly commenced this action within 90 days of the receipt of the NRTS and has fully complied with all administrative prerequisites for the commencement of this action.

**GENERAL ALLEGATIONS**

12. The Plaintiff, Gianna O'Neill, a now thirty-two (32) year-old female, was employed by Defendant since on or about September 14, 2022 up until her termination.

13. At all times relevant hereto, Plaintiff was employed as a customer service pharmacist for Defendant at their Kennett Square pharmacy location located at 221 Gale Lane, Kennett Square, PA 19348.

14. As a customer service pharmacist, Plaintiff would oversee all pharmacy dispensing, consult with prescribers, counsel patients on their pharmaceutical care, update and/or create pharmaceutical education sheets and protocols.

15. During her time as a customer service pharmacist, Plaintiff was an excellent employee, consistently meeting and exceeding expectations and standards for her position.

16. After giving notice of her pregnancy and starting her maternity leave, Plaintiff was subjected to discrimination and wrongful termination and was otherwise not provided reasonable accommodation on the basis of her disability, sex and/or pregnancy by Defendant, their servants, employees, and agents.

17. Specifically, in October of 2022, Plaintiff notified Defendant, through their Human Resources team, that she was pregnant and would require pregnancy leave.

18. Plaintiff was told that her maternity leave was approved, that she would be provided short term disability benefits for a portion of her leave, and her leave was approved through July 10, 2023.

19. Plaintiff's last day was April 28, 2023, and she thereafter delivered her newborn child on or about May 1, 2023.

20. Plaintiff at all times relevant hereto planned on and intended to return to work for Defendant at the Kennett Square location on her July 10, 2023 return date, and advised Defendant of the same.

21. However, on or about June 21, 2023, while still on approved maternity leave, Plaintiff was informed that she was being laid off.

22. The Plaintiff was informed that she was being laid off because of a restructuring, however, upon information and belief, said reason was pretextual for the aforementioned acts of discrimination.

23. In fact, in or about early February 2023, months prior to her termination, Plaintiff and others were already informed that there would be a restructuring.

24. However, Plaintiff was informed at that time that her job would be safe and that it was not subject to the restructuring.

25. Furthermore, when later informed that she was laid off because of the restructuring, Plaintiff was told that her job would be handled by an employee without the proper licensing to dispense and verify pharmacy prescriptions, further supporting the fact that the proffered reason was pretextual.

26. Plaintiff believes and avers that the failure to provide her full leave, despite prior approval, was discriminatory and a denial of reasonable accommodation.

27. Plaintiff maintains that the termination was discriminatory and unlawful in violation of the ADA, PHRA, and PDA.

28. Plaintiff was discriminated against on the basis of her sex, pregnancy and disability with respect to the terms, conditions and/or privileges of her employment.

29. Defendant wholly failed to prevent or address the discriminatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discrimination conduct.

30. The discriminatory conduct of Defendant was severe enough to make a reasonable person believe that the conditions of employment had been altered and made Plaintiff believe that the conditions of employment had been altered.

31. Under these circumstances, the actions that Plaintiff was subjected to, including the discrimination and wrongful termination, would deter a reasonable employee from exercising their rights and requesting pregnancy and disability leave.

32. Defendant acted with malice, reckless indifference and/or deliberate indifference to Plaintiff’s statutorily protected rights.

33. Upon information and belief, Defendant had a pattern or practice of discriminating against pregnant female employees and those with disabilities.

34. Plaintiff's sex, pregnancy and disability were a determining factor in Defendant’s improper and discriminatory treatment of Plaintiff, including her wrongful termination.

35. Plaintiff's sex, pregnancy and disability were a motivating factor in Defendant’s improper and discriminatory treatment of plaintiff, including her wrongful termination.

36. As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity including back and front pay, loss of benefits, pain and suffering, embarrassment,

humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

**COUNT I – TITLE VII AND THE PREGNANCY DISCRIMINATION ACT**

**Plaintiff, Gianna O'Neill v. Defendant**

37. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

38. Title VII prohibits discrimination on the basis of sex and gender.

39. Further, Title VII, as amended in 1978 by the Pregnancy Discrimination Act, provides that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes...as other persons not so affected but similar in their ability or inability to work."

40. There is employment discrimination whenever an employee's pregnancy is a motivating factor for the employer's adverse employment decision.

41. Defendant discriminated against Plaintiff when they refused to return her to her pre-maternity leave position.

42. Defendant's discrimination against Plaintiff was knowing, reckless and malicious and was undertaken because of and/or motivated by her pregnancy and/or sex/gender.

43. The actions of the Defendant, through their agents, servants and employees, in subjecting Plaintiff to discrimination and wrongful termination on the basis of her pregnancy and related leave and sex/gender constituted violations of Title VII and the PDA.

44. By intentionally, willfully and deliberately terminating Plaintiff because of her pregnancy, Defendant violated Title VII as amended by the Pregnancy Discrimination Act (PDA).

45. Said violations were willful and intentional and warrant the imposition of punitive damages.

46. As a direct result of the aforesaid unlawful discriminatory practices engaged in by the Defendant in violation of the PDA, Plaintiff sustained permanent and irreparable harm, resulting in her discharge from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon, and has incurred attorneys' fees and costs.

47. As a further direct result of the aforesaid unlawful discriminatory practices engaged in by the Defendant in violation of the PDA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem, and irreparable injury and monetary damages.

48. By reason of Defendant's discriminatory acts Plaintiff Gianna O'Neill is entitled to all legal and equitable remedies available under the PDA.

49. No previous application has been made for the relief requested herein.

**COUNT II – ADA**

**Plaintiff, Gianna O'Neill v. Defendant**

50. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

51. The actions of the Defendant, through their agents, servants and employees, in subjecting Plaintiff to discrimination on the basis of her actual and/or perceived disabilities and/or record of impairment, and/or failing to engage in the interactive process, and/or failing to accommodate her disability, and/or retaliating against Plaintiff for requesting reasonable accommodation for her disability and pregnancy ultimately resulting in the wrongful discharge of Plaintiff from her employment, constituted violations of the ADA.

52. Said violations were willful and intentional and warrant the imposition of punitive damages.

53. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff sustained permanent and irreparable harm, resulting in her discharge from employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon, and has incurred attorneys' fees and costs.

54. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem, and irreparable injury and monetary damages.

55. By reason of Defendant's discriminatory acts, hostile work environment, and retaliation, Plaintiff Gianna O'Neill is entitled to all legal and equitable remedies available under the ADA.

56. No previous application has been made for the relief requested herein.

**COUNT III – PHRA**

**<u>Plaintiff, Gianna O'Neill v. Defendant</u>**

57. Plaintiff incorporates by reference the paragraphs above as if set forth herein in their entirety.

58. By committing the foregoing acts of discrimination and retaliation against Plaintiff and wrongfully terminating her employment, Defendant has violated the PHRA and discriminated against the Plaintiff on the basis of her sex, pregnancy, and disability.

59. Said violations were intentional and willful.

60. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

61. Plaintiff has suffered irreparable injuries and monetary damages as a result of Defendant's discriminatory and retaliatory acts and requests the Court grants the relief requested herein.

62. By reason of Defendant's discrimination and retaliation, Plaintiff is entitled to all legal and equitable remedies available under the PHRA.

63. No previous application has been made for the relief requested herein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief:

(a) declaring the acts and practices complained of herein to be in violation of the PHRA, ADA, and PDA;

(b) enjoining and permanently restraining the violations alleged herein;

(c) entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(d) awarding compensatory damages to make the Plaintiff whole for all past and future lost earnings, earning capacity and benefits, back pay, and front pay which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(e) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's

pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(f) awarding punitive damages to Plaintiff under the ADA and Title VII and the PDA;

(g) awarding Plaintiff such other damages as are appropriate under the ADA, Title VII and the PDA, and the PHRA;

(h) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorney's fees and costs; and

(i) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**JURY DEMAND**

Plaintiff demands a trial by jury of the claims asserted herein.

By: *Gerald B. Baldino, III*
GERALD B. BALDINO, III, ESQUIRE
Attorney I.D. No. 326111
SACCHETTA & BALDINO
308 East Second Street
Media, PA 19063
P: (610) 891-9212
F: (610) 891-7190
gbaldino@sbattorney.com
*Attorney for Plaintiff*

Dated: October 29, 2026